UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-06172-BFM **Date:** November 6, 2026

**Title:** *Antonio Cruz-Nunez v. Fereti Semaia, et al.*

==================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order on Petition (ECF 1)**

Petitioner filed this Petition for Writ of Habeas Corpus on October 19, 2026. (ECF 1 ("Pet.").) For the reasons set out below, the Petition is **denied**.

**A. Factual Background**

Petitioner is alleged to be a Mexican national. (Pet. ¶ 8.) He came to the United States in 2004, at the age of 15. (Pet. ¶ 13.) He has lived around Oxnard, California, since then, working and raising a U.S. citizen child together with his wife. (Pet. ¶ 14.) He has no prior criminal convictions. (Pet. ¶ 14.)

Petitioner was detained by ICE on October 14, 2026, when he was on his way to work. (Pet. ¶ 16.) He has been detained at the Adelanto Detention Facility since. (Pet. ¶ 16.)

Petitioner filed a petition for writ of habeas corpus seeking release from immigration detention. (Pet. at 7, 29.) He alleges that his detention violates due process. (Pet. at 28-29.) In their Answer, Respondents admit that Petitioner appears to be entitled to a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164-65 (9th Cir. 2026), but submit that the Court would be justified in denying the Petition all together, because he should be able to request a bond hearing for himself. (ECF 7 ("Answer") at 2-

3.) They deny that he is entitled to release based on Fourth or Fifth Amendment violations. (Answer at 4-5.)

Petitioner has since filed his Reply (ECF 9.) The Petition is thus fully briefed and ready for decision.

### B. Analysis

Petitioner raises both procedural and substantive due process claims. The Court will address each in turn.

#### 1. *Procedural Due Process*

Petitioner alleges that he was entitled to additional pre-deprivation process. As a person who has been living in the United States for a long time, Petitioner certainly has a liberty interest in remaining out of custody. The Court respectfully disagrees, however, that his liberty interest is such that due process requires notice and a pre-deprivation hearing.

Courts in this Circuit, including this one, have found that noncitizens who have been released on *parole* have a liberty interest in maintaining that liberty. *E.g.*, *Zarief Kamel v. Santacruz*, No. 5:26-cv-03481-BFM, 2026 WL 1965112, at *2 (C.D. Cal. July 2, 2026) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Those decisions rely on the premise that release from custody on parole is an "implicit promise" that parole "will be revoked only if [the individual] fails to live up to the parole conditions."' *Id.* Not only is there a heightened liberty interest in maintaining parole once granted, but such individuals have already been found not to be a danger or flight risk, yielding a heightened risk of an erroneous deprivation of liberty. *Id.* at *3-4.

Some courts have found that DHS's acquiescence in a noncitizen's presence might, over time, give rise to a similar inference. *E.g., Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June

25, 2026) (finding the government's course of conduct over six years, including not locating an individual when her visa expired, and twice extending her employment authorization during the pendency of her asylum application "reflected a sustained decision to permit [petitioner's] liberty"); *Cao v. Johnson*, No. ED CV 26-3602-MRA(E), 2026 WL 2751379, at *1 (C.D. Cal. Sept. 16, 2026) (collecting cases concerning knowing or deliberate acquiescence giving rise to a conditional liberty interest). Without deciding the precise circumstances under which such an inference would arise, there are no facts suggesting deliberate acquiescence to Petitioner's presence; indeed, here, the I-213 reflects that Petitioner had no interaction with ICE prior to this detention. (ECF 7-1 at 4.) The Court thus cannot find that DHS's acquiescence to Petitioner's presence in the United States gave rise to an inference that he would be permitted to remain at liberty.

The risk of an erroneous deprivation of liberty in cases like this is simply not as high in cases like this as it is in the case of an individual who was already evaluated and found not to pose a flight risk or danger to the community. *Jemna*, 2026 WL 788172, at *5. And while Petitioner undoubtedly has a liberty interest in avoiding unjustified detention, Section 1226(a) entitles him to a significant amount of process in connection with detention: arrest with an administrative warrant (unless an exception to the warrant requirement applies), a prompt custody decision roughly contemporaneous to his detention, the right to seek a custody redetermination before an immigration judge, and to appeal the IJ's decision, if necessary. *See* 8 U.S.C. § 1226(a), (c), 8 C.F.R. § 1003.19(a)-(c); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the

opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."). Nothing in the Petition persuades the Court that *Mathews v. Eldridge* entitles him to more than the statute requires—in particular, the advance notice or pre-deprivation hearing he seeks—under these circumstances. (Pet. at 9-11.)

As even Respondents concede, Petitioner is entitled to the process owed under § 1226(a), including a bond hearing. The Court will not order a bond hearing prophylactically, however—principally because Petitioner has steadfastly argued that he is not asking for this Court to order a bond hearing. Should he change his mind, a bond hearing should be his upon request, so long as Petitioner is not mandatorily detained.

The Petition also alleges that Petitioner was arrested without a warrant. The Answer, however, attaches an I-213, which indicates that officers served Petitioner with a warrant "on the scene." (ECF 7-1 at 4.) Respondent subsequently produced a copy of that warrant dated the day as his arrest. (ECF 11-1 at 1.) The Court therefore finds no merit in Petitioner's warrant-related claims.

2. *Substantive Due Process*

In the alternative, Petitioner claims that substantive due process violations require his release. Again, the Court disagrees.

The Due Process Clause applies to "persons" within the jurisdiction of the United States. U.S. Const. Amend. XIV. It "protects every one of these persons from deprivation of life, liberty, or property without due process of law." *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). "Persons" includes both citizens and noncitizens. *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) (citation

omitted). As such, while Congress has the authority to pass laws governing non-citizens "that would be unacceptable if applied to citizens," *Mathews*, 426 U.S. at 77, 79-80, its latitude to do so in the civil detention realm is not unlimited. At a "bare minimum," noncitizens subject to civil immigration detention—just like people detained civilly and individuals accused but not convicted of a crime—"cannot be subjected to conditions that 'amount to punishment.'" *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896) (concluding that "detention or temporary confinement" is "valid" to carry out "the provisions for the exclusion or expulsion of aliens," but that detention involving "imprisonment at hard labor" is unconstitutional without a criminal trial).

Civil detention may be deemed punitive "where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 934. This may be so where civil detention is excessively prolonged, even if not indefinite. *United States v. Torres*, 995 F.3d 695, 708-10 (9th Cir. 2021) (concluding that a pretrial criminal detainee's 21-month detention was "approaching the limits of what due process can tolerate" and that "at some point, regardless of the risks associated with Torres's release, due process will require that he be released if not tried"). In the context of civil detention before a criminal trial, courts consider not only the length of the detention, but also the government's role in causing the detention to be prolonged. *Id.* at 708.

Civil detention can also violate due process when detainees are subject to conditions so harsh as to give rise to an inference that the detention is punitive. *See Jones*, 393 F.3d at 932. People detained under civil rather than criminal process are "entitled to more considerate treatment than [their] criminally detained counterparts." *Id.* (cleaned up). Accordingly, when a

detainee "is confined in conditions identical to, similar to, or more restrictive than, those in which . . . criminal counterparts are held," courts "presume that the detainee is being subjected to punishment." *Id.* (cleaned up). If conditions of civil confinement are equivalent to or more restrictive than criminal detention, they are presumptively punitive and the burden shifts to the government "to show (1) legitimate, non-punitive interests justifying the conditions of the detainee's confinement and (2) that the restrictions imposed are not excessive in relation to these interests." *King v. Cnty. of L.A.*, 885 F.3d 548, 557 (9th Cir. 2018) (cleaned up).

Though neither *Torres* nor *Jones* arise in the immigration context, they provide helpful markers to guide this Court's analysis of the kinds of civil detention that might violate substantive due process. *See Doe v. Becerra*, 723 F. Supp. 3d 688, 691 (N.D. Cal. 2024) (considering the above factors from *Torres* and *Jones* in evaluating substantive due process claim raised by an individual in immigration detention).

While no period of detention is trifling, Petitioner here is not "indefinitely" detained. He was detained in mid-October 2026, pending a hearing in his removal case currently scheduled for November 2026. (Pet. ¶ 3; https://acis.eoir.justice.gov/en/caseInformation.) *Cf. Torres*, 995 F.3d at 709-10 (21 months of pretrial detention for person charged with criminal offense was "approaching the limits of what due process can tolerate"); *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1083 (N.D. Cal. 2024) (finding 30 months of immigration detention to weigh in favor of a finding of substantive due process violation). Petitioner has not pointed to anything Respondents did to prolong that detention. And while Petitioner references harsh conditions (Pet. ¶ 15), there is not a well enough developed record to find that the conditions exceed those to which those serving criminal convictions are subjected. *Doe*, 732 F. Supp. 3d at 1089 ("Determining whether the conditions at [an immigration detention

facility] are worse 'as a whole' than at the state facilities where Mr. Doe was imprisoned is a difficult comparison that would require comprehensive evidence."). Thus, none of these factors weigh in Petitioner's favor.

Nevertheless, Petitioner suggests that his detention is significantly out of line with the government's interests in detention, because he is neither a flight risk nor a danger to the community. The Court cannot make that finding on this record. A bond hearing is the primary test of whether detention is excessive to the government's interest in detention. *See Martinez Leiva v. Becerra*, No. 23-CV-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023). And here, Petitioner has not shown that that tool is not an effective test of whether his detention is appropriate, because, apparently, he has not requested such a hearing.

The Court denies Petitioner's substantive due process claim, without prejudice to a renewed claim on a more developed record or after a lengthier period of detention.

### C. Conclusion

For these reasons, the Petition is **denied**. Judgment shall be entered accordingly.

**IT IS SO ORDERED**

cc: Counsel of Record

Initials of Preparer: ch